# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| **AMANDA ALICE RADI,** | : | |
| Petitioner, | : | |
| | : | 1:24-CV-141 (LAG) |
| VS. | : | |
| **DOUGHERTY COUNTY COURTHOUSE,** | : | |
| Respondent. | : | |

# ORDER

*Pro se* Petitioner Amanda Alice Radi has filed a pleading that has been docketed as a petition for habeas corpus relief under 28 U.S.C. § 2254.  (Doc. 1.)   Petitioner appears to raise issues regarding a child custody proceeding which occurred in state court. *Id.* at 4-6. Petitioner asserts she was "denied due process to present any evidence" during this state proceeding, and alleges "Georgia violated the full faith and credit clause" because she has "a final order from California." *Id.* at 17. Petitioner requests this Court "[v]oid/overturn all judgements [*sic*] as they are false." *Id.*

At the outset, the Court notes that Petitioner has filed this pleading on a form designated for use by habeas corpus petitioners who are seeking relief under 28 U.S.C. § 2254. However, this Court may only grant a writ of habeas corpus under § 2254 to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner does not appear to be incarcerated, as her pleading lists "N/A" under

"Place of Confinement." (Doc. 1 at 1.) Accordingly, to the extent Petitioner's pleading is attempting to seek a writ of habeas corpus under 28 U.S.C. § 2254, it is subject to *sua sponte* dismissal for requesting relief from this Court that it has no authority to grant.

Petitioner may be attempting to allege a civil rights violation under 42 U.S.C. § 1983. Petitioner may raise a claim under § 1983 by alleging (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If Petitioner is seeking to raise a claim under § 1983, she should recast her complaint on the Court's standard § 1983 form. In so doing, it is futile to name entities and offices such as the Dougherty County Courthouse as Defendants. *See Stegman v. Georgia*, 290 F. App'x 320, 322–23 (11th Cir. 2008) ("[C]laims against the Superior Court and the DeKalb County Probate Court are barred by the Eleventh Amendment."); *see also Christopher v. Glynn Cnty.*, 2020 WL 5736597 at *5 n.5 (S.D. Ga. 2020) ("Glynn County Sheriff's Department and Glynn County Superior Court are not legal entities subject to suit under § 1983."). Moreover, conclusory references to "administration", "employees", "staff", "the office", and/or all persons within a category in general fails to put any certain individual on notice of an alleged wrongdoing. *See Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"). In other words, collective liability, *i.e.*, when claims are

brought against defendants such as "office", "administration" or "staff", is not permitted under § 1983 and a plaintiff must link a claim to a specific state actor who committed the civil rights violation. *See Hale*, 50 F.3d at 1582; *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (dismissal of a claim is appropriate where "the description in [plaintiff's] complaint was insufficient to identify the defendant").

Accordingly, if Petitioner still wishes to pursue a federal claim,[1] she must recast her pleading on the proper form for the legally actionable federal claim she wishes to bring after considering this Court's guidance above. If Petitioner wishes to complain of a civil rights violation, then she should submit her claim on the § 1983 form and request relief that is available in a § 1983 civil action. Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to recast her pleading on the appropriate form. The recast pleading shall supersede (take the place of) her initial pleadings and this Court will not look back at her prior pleadings to determine whether Petitioner has an actionable claim.

In addition, Petitioner did not pay a filing fee upon filing her pleading in this Court. Thus, Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required filing fee for the type of claim she submits. The filing fee for a habeas corpus petition is $5.00; the filing fee for a § 1983 case is $405.00. If Petitioner is indigent and unable to prepay the full amount of the filing fee, then she can request leave to proceed

---

[1] At this early stage in the litigation, Petitioner is advised that she does have the additional option to request that this Court dismiss this civil action without prejudice so that she may pursue remedies through administrative offices, state courts, or other entities that may grant her the relief she seeks, or for any other reason she deems necessary. *See* Fed. R. Civ. P. 41(a)(1)(A).

*in forma* pauperis.

To reiterate, Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast her pleading on the appropriate form for the type of federal civil action she intends to pursue, and (2) pay the appropriate filing fee for that civil action or if indigent, file a complete motion for leave to proceed *in forma pauperis*.

While this action is pending, Petitioner must also immediately inform the Court in writing of any change in her mailing address. There will be no service of process in this case until further order of the Court. **Failure to fully and timely comply with this Order may result in the dismissal of this civil action.**

The Clerk of Court is **DIRECTED** to forward Petitioner a copy of the § 1983 standard form as well as a copy of the standard application to proceed without prepayment of fees.

**SO ORDERED AND DIRECTED**, this 24th day of September, 2024.

s/ *Thomas Q. Langstaff*
United States Magistrate Judge